**IN THE COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA**

ANDREW MCCURRY

      Plaintiff,

vs.                                                                                  CASE NO.:

CNH INDUSTRIAL AMERICA LLC;
CASE NEW HOLLAND INDUSTRIAL
INC. ;INNOVATIVE EQUIPMENT
SERVICES 2 LLC d/b/a CASE POWER &
EQUIPMENT OF FLORIDA; and
EQUIPMENTSHARE.COM, INC. d/b/a
EQUIPMENTSHARE,

      Defendants.

_____/

## PLAINTIFF'S COMPLAINT

COMES NOW the Plaintiff, ANDREW MCCURRY, by and through his undersigned counsel, hereby file this Complaint against Defendants CNH INDUSTRIAL AMERICA LLC; CASE NEW HOLLAND INDUSTRIAL INC.; INNOVATIVE EQUIPMENT SERVICES 2 LLC d/b/a CASE POWER & EQUIPMENT OF FLORIDA; and EQUIPMENTSHARE.COM, INC. d/b/a EquipmentShare for the claims stated herein. In support thereof, the Plaintiff states as follows.

## SUMMARY OF THE ACTION

1.      Plaintiff brings this civil action to recover for the damages and injuries he sustained from an unreasonably dangerous and defective compact loader ("Subject Loader") designed, manufactured, distributed, sold, inspected, repaired and maintained by the Defendants that malfunctioned causing a devastating injury to Plaintiff.

2.      The Plaintiff sues Defendants for their role in negligently designing,

manufacturing, selling, servicing, maintaining, repairing, distributing, supplying, and installing the Subject Loader in its defective condition and for otherwise causing the incident and Plaintiff's injuries.

3.      Plaintiff demands a jury trial for all claims triable pursuant to Fla. R. Civ. P. 1.430.

## THE PARTIES JURISDICTION & VENUE

4.      At the time of the incident giving rise to this Complaint, Plaintiff, Andrew McCurry ("Andrew"), was a Florida resident and citizen who lived in Cape Coral, Florida.

5.      This Court has subject matter jurisdiction because this is an action to recover damages in excess of $50,000.00, exclusive of fees, costs, and interest.

6.      Defendant CNH Industrial America LLC (CNH Industrial) is a foreign corporation registered in Delaware that has principal places of business in Wisconsin. CNH Industrial may be served with process through its registered agent CT Corporation System at 1200 South Pine Island Road, Plantation, Florida, 33324.

7.      Defendant CASE NEW HOLLAND INDUSTRIAL INC. ("CASE") is a Delaware corporation that has its principal place of business in Wisconsin. Defendant Case may be served with process through its registered agent CT Corporation System at 8020 Excelsior Dr., Suite 200, Madison, Wisconsin 53717.

8.      Defendants CNH Industrial and Case will sometimes be referred to as the "Case Construction Defendants."

9.      This Court is authorized under Florida law to exercise personal jurisdiction over the foreign Case Construction Defendants pursuant to the Florida Long-Arm Statute, Fla. Stat. §§ 48.193(1)(a)(1), (1)(a)(2), and (1)(a)(6), because the claims stated herein arise out of Case Construction Defendants':

    a.   Operating, conducting, engaging in, or carrying on a business or business venture in Florida or having an office or agency in Florida;

    b.   Committing a tortious act within Florida; or

    c.   Causing injury to persons or property within Florida arising out of an act or omission committed outside Florida where, at or about the time of the injury, either (i) Case Construction Defendants were engaged in solicitation or service activities within Florida, or (ii) products, materials, or things processed, serviced, or manufactured or distributed by Case Construction Defendants anywhere were used or consumed in Florida in the ordinary course of commerce, trade, or use.

10.    This Court further has the constitutional authority to exercise personal jurisdiction over the Case Construction Defendants because the Case Construction Defendants purposefully availed and targeted the Florida market to sell their construction equipment in Florida's extensive construction market. Defendants conduct demonstrations within Florida purely to fuel the sales of their construction equipment within the State of Florida[1]. This includes specifically reaching out and targeting contracts with the State of Florida[2]. All of the Case Construction Defendants contacts with Florida are related to importing, marketing, distributing and selling the construction equipment they design and manufacture and otherwise placing its construction products into the Florida market.

11.    Plaintiff's claims arise out of those contacts, and exercising personal jurisdiction over Case Construction is proper. Specifically, Plaintiff claims that he was injured by a defective loader that Defendants designed, manufactured, marketed, distributed, and sold in the State of Florida. These contacts carry a reciprocal promise that their construction equipment will be safe

---

[1] Case Power & Equipment Holds 580EV Demo Event in Tampa : CEG (https://www.constructionequipmentguide.com/case-power-and-equipment-holds-580ev-demo-event-in-tampa/66003)

[2] Contractors - CNH Industrial America, LLC / Contractors / Agriculture and Lawn Equipment / State Term Contract / State Contracts and Agreements / State Purchasing / Business Operations - Florida Department of Management Services (https://www.dms.myflorida.com/business_operations/state_purchasing/state_contracts_and_agreements/state_term_contract/agriculture_and_lawn_equipment/contractors/contractors_-_cnh_industrial_america_llc)

eFiled Lee County Clerk of Courts Page 3

for use within the State of Florida and will comply with Florida's state specific requirements, including Florida's state specific requirements set through Florida's tort regime. In turn, exercising jurisdiction over the Case Construction Defendants would be consistent with the traditional notions of fair play and substantial justice.

12.     Defendant, INNOVATIVE EQUIPMENT SERVICES 2 LLC d/b/a CASE POWER & EQUIPMENT OF FLORIDA (hereinafter "Equipment Services") is a foreign limited liability company registered in Missouri, but maintaining a principal place of business in Miami-Dade County, Florida.[3] Defendant Equipment Services may be served with process through its registered agent CT Corporation System at 1200 South Pine Island Road, Plantation, Florida, 33324.

13.     Defendant EquipmentShare.com, Inc. d/b/a EquipmentShare (hereinafter "EquipmentShare") is a foreign corporation registered in Missouri with its principal place of business in throughout multiple counties in Florida[4], including Lee County. Defendant EquipmentShare may be served with process through its registered agent CT Corporation System at 1200 South Pine Island Road, Plantation, Florida, 33324.

14.     Defendants Equipment Services and Equipment Share will sometimes be referred to collectively as the "Equipment Defendants." The Equipment Defendants are made up of two entities registered to do business in Florida who have specifically targeted the Florida marketplace by establishing Case Equipment store fronts under the assumed name "CASE Power & Equipment of Florida."

---

[3] Pursuant to Equipment Services's Application for Registration of Fictitious Name filed on March 10, 2022, signed by the owner of Equipment Services on said date, and available through the Florida Department of State's Division of Corporations website, Sunbiz.org.

[4] Pursuant to EquipmentShare's Application for Registration of Fictitious Name filed on October 28, 2021, signed by Jabbock Schlacks (CEO for EquipmentShare on said date), and available through the Florida Department of State's Division of Corporations website, Sunbiz.org.

eFiled Lee County Clerk of Courts Page 4



15.    This Court is authorized under Florida law to exercise personal jurisdiction over the Equipment Defendants pursuant to the Florida Long-Arm Statute, Fla. Stat. §§ 48.193(1)(a)(1), (1)(a)(2), and (1)(a)(6), because the claims stated herein arise out of The Equipment Defendants:

    a.  Operating, conducting, engaging in, or carrying on a business or business venture in Florida or having an office or agency in Florida;

    b.  Committing a tortious act within Florida; or

    c.  Causing injury to persons or property within Florida arising out of an act or omission committed outside Florida where, at or about the time of the injury, either (i) The Equipment Defendants were engaged in solicitation or service activities within Florida, or (ii) products, materials, or things processed, serviced, or manufactured or distributed by The Equipment Defendants anywhere were used or consumed in Florida in the ordinary course of commerce, trade, or use.

16.    This Court further has the constitutional authority to exercise personal jurisdiction over The Equipment Defendants because The Equipment Defendants purposefully availed and

---

[5] EquipmentShare location at 3051 Hanson St., Fort Myers, FL 33916, where the Plaintiff delivered the subject loader for maintenance and installation of parts prior to this incident.

targeted the Florida market for their services-based business. Plaintiff's claims arise out of those contacts, and exercising personal jurisdiction over The Equipment Defendants would be consistent with the traditional notions of fair play and substantial justice.

17.    Venue is proper in this Court because the Equipment Defendants both have their principal place of business as Florida; EquipmentShare has as its principal place of business "multiple counties in Florida"; EquipmentShare maintains an office for transaction of its customary business in Lee County, Florida; the Equipment Defendants both have agents in Lee County, Florida; and the cause of action accrued in Lee County, Florida.

## FACTUAL ALLEGATIONS

18.    Plaintiff Andrew McCurry is a Florida resident employed with JT Ventures Broker LLC, a trucking company providing hauling, land clearing, grade work, and other services throughout the state of Florida.

19.    On March 27, 2024, while Andrew was working at a site, the Subject Loader suddenly malfunctioned during ordinary user. Andrew, a bystander who was at a safe distance from the Subject Loader at the time, was runover by the malfunctioning Subject Loader.

20.    Specifically, the Subject Loader malfunctioned causing the machine to lurch forward violently crushing Andrew.

21.    The Subject Loader malfunctioned a second time, further crushing Andrew and pinning him under the Subject Loader.

22.    According to Andrew's co-worker who was operating the Subject Loader at the time, an error warning appeared on the screen at the time the machine malfunctioned.

23.    As a result of the malfunction, Andrew sustained permanent and life-altering injuries.

eFiled Lee County Clerk of Courts Page 6

24.     The Subject Loader was designed, manufactured and sold by the Case Construction Defendants.

25.     Furthermore, prior to the underlying incident, the Equipment Share Defendants performed maintenance of the Subject Loader and installed OEM parts designed, manufactured distributed and recommended by the Case Construction Defendants.

26.     The Case Construction Defendants knew or should have known that the Subject Loader and parts installed thereon were defectively designed and/or defectively manufactured, making it susceptible to this exact type of malfunction.

27.     Other feasible designs existed that would have prevented this type of malfunction and prevented this incident.

28.     The Case Construction Defendants also failed to provide adequate warnings to end users and intermediaries regarding the potential for the Subject Loader to malfunction and the resulting danger to any bystander in the vicinity.

29.     Equipment Share Defendants knew or should have known, at the time it performed maintenance of the Subject Loader and installed OEM parts designed, manufactured, distributed and recommended by the Case Construction Defendants, that the Subject Loader and parts installed thereon were defectively designed and/or defectively manufactured, making it susceptible to this exact type of malfunction.

30.     Additionally, Equipment Share Defendants negligently installed replacement parts onto the Subject Loader.

31.     Since the Equipment Defendants were within the stream of distribution for the Subject Loader, they are equally responsible for distributing the Subject Loader in its defective state.

32.    Notably, because as described above, the Subject Loader malfunctioned during ordinary use, there is an inference under Florida law that the Subject Loader was defective.

33.    The Subject Loader's defective design was an actual and proximate cause of Plaintiff's injuries.

34.    Furthermore, the Equipment Defendants were charged with servicing the Subject Loader. The Equipment Defendants negligent services were a proximate cause of the malfunction and Plaintiff's resulting injuries.

35.    Thus, Defendants' collective negligence in the Subject Loader's design, manufacture, marketing, distribution, sale, and servicing t was an actual and proximate cause of Plaintiff's injuries

### <u>COUNT I—STRICT LIABILITY</u>
**(Andrew Against CNH Industrial)**

36.    Andrew re-alleges and incorporates paragraphs 1 through 35 of this Complaint as if fully stated herein.

37.    CNH Industrial is responsible for manufacturing, designing, distributing, and selling the Subject Loader, including any and all parts installed on the Subject Loader, and for otherwise placing the Subject Loader into the stream of commerce.

38.    The Subject Loader was defective in its design, manufacture, and warning.

39.    The Subject Loader was susceptible to malfunctions during use that would allow the machine to violently move in an unintended manner.

40.    This propensity to malfunction was the result of the defective design and/or manufacture of the Subject Loader.

41.    Because the Subject Loader malfunctioned during ordinary use, there is an inference under Florida law that the Subject Loader was defective.

42.     CNH Industrial failed to provide adequate warnings and instructions for use to both inform users of the Subject Loader's propensity to suddenly malfunction and the resulting risk, but also to instruct or warn users how such malfunctions could be avoided to the extent that avoiding the malfunction was even possible given the defective design and/or manufacture.

43.     The Subject Loader's defective conditions rendered it unreasonably dangerous for its intended and foreseeable uses.

44.     The Subject Loader's defective conditions were each a proximate cause of Andrew's injuries and damages.

**WHEREFORE**, Plaintiff, ANDREW MCCURRY, demands judgment against Defendant, CNH Industrial for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, loss of consortium, mental anguish, emotional distress, pain and suffering, costs, and interest, and for any such further relief as the Court deems appropriate.

## COUNT II—NEGLIGENCE
**(Andrew Against CNH Industrial)**

45.     Andrew re-alleges and incorporates paragraphs 1 through 35 of this Amended Complaint as if fully stated herein.

46.     CNH Industrial is responsible for designing, manufacturing, and assembling the Subject Loader, and for otherwise placing the Subject Loader into the stream of commerce.

47.     As a manufacturer, CNH Industrial had a duty to design and manufacture the Subject Loader in a manner that left it free from any design or manufacturing defects that would cause the product to be unreasonably dangerous to users and bystanders.

48.     CNH Industrial knew or should have known that due to its defective design and/or

eFiled Lee County Clerk of Courts Page 9

manufacture of the Subject Loader, that the Subject Loader was prone to malfunctions that would allow the sudden involuntary movement of the machine.

49.    CNH Industrial knew or should have known that the propensity of the Subject Loader to malfunction placed users and bystanders at an unreasonable risk of harm and rendered the Subject Loader unreasonably dangerous and thereby, defective under Florida law.

50.    Alternative designs existed that would prevent this type of malfunction and/or mitigate this type of malfunction.

51.    Thus, CNH Industrial breached its duty of care under Florida law when it placed into the stream of commerce the unreasonably dangerous Subject Loader that was defective in design and/or manufacture.

52.    Additionally, CNH Industrial is responsible for providing warnings and instructions to intermediaries and/or end users regarding the foreseeable risks associated with the Subject Loader

53.    As a manufacturer, CNH Industrial had a duty to ensure that the instructions and warnings for the Subject Loader were adequate.

54.    To the extent that CNH Industrial relied on an intermediary to deliver any of its warnings to end users and/or to discharge this duty, CNH Industrial had a duty to ensure that the intermediary could be reasonably relied on to deliver such warnings to the users and bystanders in harm's way.

55.    CNH Industrial knew or should have known about the Subject Loader's propensity to malfunction creating a risk of involuntary movement.

56.    It was foreseeable to a reasonable manufacturer in CNH Industrial's position that a malfunction of this type posed a substantial risk to end users and bystanders.

57.     Thus, CNH Industrial had a duty to warn of the propensity to malfunction and to provide adequate instructions to intermediaries, end users and/or bystanders on how to avoid or mitigate the risk of sudden malfunction.

58.     CNH Industrial breached its duty to warn by providing inadequate warnings and instructions to intermediaries, end users and bystanders that failed to warn about the potential for the Subject Loader to malfunction.

59.     CNH Industrial also had a duty to provide adequate warnings and instructions to the Equipment Defendants regarding the proper service of the Subject Loader and installation of replacement parts to avoid any post sale conditions that would render the Subject Loader prone to malfunction or that would render the Subject Loader unreasonably dangerous.

60.     CNH Industrial breached this duty by providing inadequate instruction and warnings to the Equipment Defendants regarding the proper service of the Subject Loader

61.     CNH Industrial's breach of the above duties were each a proximate cause of Andrew's injuries and damages.

**WHEREFORE**, Plaintiff, ANDREW MCCURRY, demands judgment against Defendant, CNH Industrial for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, loss of consortium, mental anguish, emotional distress, pain and suffering, costs, and interest, and for any such further relief as the Court deems appropriate.

## COUNT III—STRICT LIABILITY
### (Andrew Against Case)

62.     Andrew re-alleges and incorporates paragraphs 1 through 35 of this Amended Complaint as if fully stated herein.

63.     Case is responsible for manufacturing, designing, distributing, and selling the Subject Loader, including any and all parts installed on the Subject Loader, and for otherwise placing the Subject Loader into the stream of commerce.

64.     The Subject Loader was defective in its design, manufacture, and warning.

65.     The Subject Loader was susceptible to malfunctions during use that would allow the machine to violently move in an unintended manner.

66.     This propensity to malfunction was the result of the defective design and/or manufacture of the Subject Loader.

67.     Because the Subject Loader malfunctioned during ordinary use, there is an inference under Florida law that the Subject Loader was defective.

68.     Case failed to provide adequate warnings and instructions for use to both inform users of the Subject Loader's propensity to suddenly malfunction and the resulting risk, but also to instruct or warn users how such malfunctions could be avoided to the extent that avoiding the malfunction was even possible given the defective design and/or manufacture.

69.     The Subject Loader's defective conditions rendered it unreasonably dangerous for its intended and foreseeable uses.

70.     The Subject Loader's defective conditions were each a proximate cause of Andrew's injuries and damages.

**WHEREFORE**, Plaintiff, ANDREW MCCURRY, demands judgment against Defendant, Case for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, loss of consortium, mental

eFiled Lee County Clerk of Courts Page 12

anguish, emotional distress, pain and suffering, costs, and interest, and for any such further relief as the Court deems appropriate.

## COUNT IV—NEGLIGENCE
### (Andrew Against Case)

71.     Andrew re-alleges and incorporates paragraphs 1 through 35 of this Amended Complaint as if fully stated herein.

72.     Case is responsible for designing, manufacturing, and assembling the Subject Loader, and for otherwise placing the Subject Loader into the stream of commerce.

73.     As a manufacturer, Case had a duty to design and manufacture the Subject Loader in a manner that left it free from any design or manufacturing defects that would cause the product to be unreasonably dangerous to users and bystanders.

74.     Case knew or should have known that due to its defective design and/or manufacture of the Subject Loader, that the Subject Loader was prone to malfunctions that would allow the sudden involuntary movement of the machine.

75.     Case knew or should have known that the propensity of the Subject Loader to malfunction placed users and bystanders at an unreasonable risk of harm and rendered the Subject Loader unreasonably dangerous and thereby, defective under Florida law.

76.     Alternative designs existed that would prevent this type of malfunction and/or mitigate this type of malfunction.

77.     Thus, Case breached its duty of care under Florida law when it placed into the stream of commerce the unreasonably dangerous Subject Loader that was defective in design and/or manufacture.

78.     Additionally, Case is responsible for providing warnings and instructions to intermediaries and/or end users regarding the foreseeable risks associated with the Subject Loader

Page **13** of **23**

79.     As a manufacturer, Case had a duty to ensure that the instructions and warnings for the Subject Loader were adequate.

80.     To the extent that Case relied on an intermediary to deliver any of its warnings to end users and/or to discharge this duty, Case had a duty to ensure that the intermediary could be reasonably relied on to deliver such warnings to the users and bystanders in harm's way.

81.     Case knew or should have known about the Subject Loader's propensity to malfunction creating a risk of involuntary movement.

82.     It was foreseeable to a reasonable manufacturer in Case's position that a malfunction of this type posed a substantial risk to end users and bystanders.

83.     Thus, Case had a duty to warn of the propensity to malfunction and to provide adequate instructions to intermediaries, end users and/or bystanders on how to avoid or mitigate the risk of sudden malfunction.

84.     Case breached its duty to warn by providing inadequate warnings and instructions to intermediaries, end users and bystanders that failed to warn about the potential for the Subject Loader to malfunction.

85.     Case also had a duty to provide adequate warnings and instructions to the Equipment Defendants regarding the proper service of the Subject Loader and installation of replacement parts to avoid any post sale conditions that would render the Subject Loader prone to malfunction or that would render the Subject Loader unreasonably dangerous.

86.     Case breached this duty by providing inadequate instruction and warnings to the Equipment Defendants regarding the proper service of the Subject Loader

87.     Case's breach of the above duties were each a proximate cause of Andrew's injuries and damages.

**WHEREFORE**, Plaintiff, ANDREW MCCURRY, demands judgment against Defendant, Case for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, loss of consortium, mental anguish, emotional distress, pain and suffering, costs, and interest, and for any such further relief as the Court deems appropriate.

**COUNT V—STRICT LIABILITY**
**(Andrew Against Equipment Services)**

88.     Andrew re-alleges and incorporates paragraphs 1 through 35 of this Amended Complaint as if fully stated herein.

89.     Equipment Services is responsible for distributing, selling, servicing and maintaining the Subject Loader and for otherwise placing the Subject Loader into the stream of commerce.

90.     The Subject Loader was defective in its design, manufacture, and warning.

91.     The Subject Loader was susceptible to malfunctions during use that would allow the machine to violently move in an unintended manner.

92.     This propensity to malfunction was the result of the defective design and/or manufacture of the Subject Loader.

93.     Because the Subject Loader malfunctioned during ordinary use, there is an inference under Florida law that the Subject Loader was defective.

94.     Equipment Services failed to provide adequate warnings and instructions for use to both inform users of the Subject Loader's propensity to suddenly malfunction and the resulting risk, but also to instruct or warn users how such malfunctions could be avoided to the extent that avoiding the malfunction was even possible given the defective design and/or manufacture.

eFiled Lee County Clerk of Courts Page 15

95.    The Subject Loader's defective conditions rendered it unreasonably dangerous for its intended and foreseeable uses.

96.    The Subject Loader's defective conditions were each a proximate cause of Andrew's injuries and damages.

**WHEREFORE**, Plaintiff, ANDREW MCCURRY, demands judgment against Defendant, Equipment Services for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, loss of consortium, mental anguish, emotional distress, pain and suffering, costs, and interest, and for any such further relief as the Court deems appropriate.

<u>**COUNT VI—NEGLIGENCE**</u>
**(Andrew Against Equipment Services)**

97.    Andrew re-alleges and incorporates paragraphs 1 through 35 of this Amended Complaint as if fully stated herein.

98.    Equipment Services is responsible for assembling, servicing, repairing, and maintaining the Subject Loader, and for otherwise placing the Subject Loader into the stream of commerce.

99.    As a dealer within the stream of commerce, Equipment Services had a duty to ensure that the design and manufacture of the Subject Loader left it free from any design or manufacturing defects that would cause the product to be unreasonably dangerous to users and bystanders.

100.    Equipment Services knew or should have known that due to the Case Construction Defendants' defective design and/or manufacture of the Subject Loader, that the Subject Loader was prone to malfunctions that would allow the sudden involuntary movement of the machine.

101. Equipment Services knew or should have known that the propensity of the Subject Loader to malfunction placed users and bystanders at an unreasonable risk of harm and rendered the Subject Loader unreasonably dangerous and thereby, defective under Florida law.

102. Thus, Equipment Services breached its duty of care under Florida law when it placed into the stream of commerce the unreasonably dangerous Subject Loader that was defective in design and/or manufacture.

103. Additionally, Equipment Services is responsible for providing warnings and instructions to intermediaries and/or end users regarding the foreseeable risks associated with the Subject Loader and/or for ensuring that the instructions and warnings provided by the Case Construction Defendants were adequate.

104. As a dealer and servicer, Equipment Services had a duty to ensure that the instructions and warnings for the Subject Loader were adequate.

105. To the extent that Equipment Services relied on an intermediary to deliver any of its warnings to end users and/or to discharge this duty, Equipment Services had a duty to ensure that the intermediary could be reasonably relied on to deliver such warnings to the users and bystanders in harm's way.

106. Equipment Services knew or should have known about the Subject Loader's propensity to malfunction creating a risk of involuntary movement.

107. It was foreseeable to a reasonable dealer and service provider in Equipment Services' position that a malfunction of this type posed a substantial risk to end users and bystanders.

108. Thus, Equipment Services had a duty to warn of the propensity to malfunction and to provide adequate instructions to intermediaries, end users and/or bystanders on how to avoid or

eFiled Lee County Clerk of Courts Page 17

mitigate the risk of sudden malfunction.

109.    Equipment Services breached its duty to warn by providing inadequate warnings and instructions to intermediaries, end users and bystanders that failed to warn about the potential for the Subject Loader to malfunction.

110.    Equipment Services also had a duty to adequately service and maintain the Subject Loader in a proper working order free from any unreasonable risks to users and bystanders.

111.    It was foreseeable to Equipment Services that failing to properly maintain the Subject Loader would create a risk of sudden malfunction.

112.    Equipment Services breached this duty by failing to adequately service and maintain the Subject Loader causing it to malfunction.

113.    Furthermore, Equipment Services breached this duty by failing to properly install replacement parts on the Subject Loader and ensure its proper working function, free from defects or malfunctions.

114.    Equipment Services' breach of the above duties were each a proximate cause of Andrew's injuries and damages.

**WHEREFORE**, Plaintiff, ANDREW MCCURRY, demands judgment against Defendant, Equipment Services for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, loss of consortium, mental anguish, emotional distress, pain and suffering, costs, and interest, and for any such further relief as the Court deems appropriate.

**COUNT VII—STRICT LIABILITY**
**(Andrew Against EquipmentShare)**

115.    Andrew re-alleges and incorporates paragraphs 1 through 35 of this Amended

Page **18** of **23**

Complaint as if fully stated herein.

116.     EquipmentShare is responsible for distributing, selling, servicing and maintaining the Subject Loader and for otherwise placing the Subject Loader into the stream of commerce.

117.     The Subject Loader was defective in its design, manufacture, and warning.

118.     The Subject Loader was susceptible to malfunctions during use that would allow the machine to violently move in an unintended manner.

119.     This propensity to malfunction was the result of the defective design and/or manufacture of the Subject Loader.

120.     Because the Subject Loader malfunctioned during ordinary use, there is an inference under Florida law that the Subject Loader was defective.

121.     101.     EquipmentShare failed to provide adequate warnings and instructions for use to both inform users of the Subject Loader's propensity to suddenly malfunction and the resulting risk, but also to instruct or warn users how such malfunctions could be avoided to the extent that avoiding the malfunction was even possible given the defective design and/or manufacture.

122.     The Subject Loader's defective conditions rendered it unreasonably dangerous for its intended and foreseeable uses.

123.     The Subject Loader's defective conditions were each a proximate cause of Andrew's injuries and damages.

**WHEREFORE**, Plaintiff, ANDREW MCCURRY, demands judgment against Defendant, EquipmentShare for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, loss of consortium, mental

anguish, emotional distress, pain and suffering, costs, and interest, and for any such further relief as the Court deems appropriate

## COUNT VIII—NEGLIGENCE
**(Andrew Against EquipmentShare)**

124.    Andrew re-alleges and incorporates paragraphs 1 through 35 of this Amended Complaint as if fully stated herein.

125.    EquipmentShare is responsible for assembling, servicing, repairing, and maintaining the Subject Loader, and for otherwise placing the Subject Loader into the stream of commerce.

126.    As a dealer within the stream of commerce, EquipmentShare had a duty to ensure that the design and manufacture of the Subject Loader left it free from any design or manufacturing defects that would cause the product to be unreasonably dangerous to users and bystanders.

127.    EquipmentShare knew or should have known that due to the Case Construction Defendants' defective design and/or manufacture of the Subject Loader, that the Subject Loader was prone to malfunctions that would allow the sudden involuntary movement of the machine.

128.    EquipmentShare knew or should have known that the propensity of the Subject Loader to malfunction placed users and bystanders at an unreasonable risk of harm and rendered the Subject Loader unreasonably dangerous and thereby, defective under Florida law.

129.    Thus, EquipmentShare breached its duty of care under Florida law when it placed into the stream of commerce the unreasonably dangerous Subject Loader that was defective in design and/or manufacture.

130.    Additionally, EquipmentShare is responsible for providing warnings and instructions to intermediaries and/or end users regarding the foreseeable risks associated with the Subject Loader and/or for ensuring that the instructions and warnings provided by the Case

eFiled Lee County Clerk of Courts Page 20

Construction Defendants were adequate.

131.    As a dealer and servicer, EquipmentShare had a duty to ensure that the instructions and warnings for the Subject Loader were adequate.

132.    To the extent that EquipmentShare relied on an intermediary to deliver any of its warnings to end users and/or to discharge this duty, Equipment Services had a duty to ensure that the intermediary could be reasonably relied on to deliver such warnings to the users and bystanders in harm's way.

133.    EquipmentShare knew or should have known about the Subject Loader's propensity to malfunction creating a risk of involuntary movement.

134.    It was foreseeable to a reasonable dealer and service provider in EquipmentShare's position that a malfunction of this type posed a substantial risk to end users and bystanders.

135.    Thus, EquipmentShare had a duty to warn of the propensity to malfunction and to provide adequate instructions to intermediaries, end users and/or bystanders on how to avoid or mitigate the risk of sudden malfunction.

136.    EquipmentShare breached its duty to warn by providing inadequate warnings and instructions to intermediaries, end users and bystanders that failed to warn about the potential for the Subject Loader to malfunction.

137.    EquipmentShare also had a duty to adequately service and maintain the Subject Loader in a proper working order free from any unreasonable risks to users and bystanders.

138.    It was foreseeable to EquipmentShare that failing to properly maintain the Subject Loader would create a risk of sudden malfunction.

139.    EquipmentShare breached this duty by failing to adequately service and maintain the Subject Loader causing it to malfunction.

140.    Furthermore, Equipment Services breached this duty by failing to properly install replacement parts on the Subject Loader and ensure its proper working function, free from defects or malfunctions.

141.    EquipmentShare's breach of the above duties were each a proximate cause of Andrew's injuries and damages.

**WHEREFORE**, Plaintiff, ANDREW MCCURRY, demands judgment against Defendant, EquipmentShare for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, loss of consortium, mental anguish, emotional distress, pain and suffering, costs, and interest, and for any such further relief as the Court deems appropriate.

Dated: March 21, 2025

Respectfully Submitted,

/s/ *Rudwin Ayala*
**Rudwin Ayala, Esq.**
Florida Bar No.: 84005
**Morgan & Morgan, P.A.**
1700 Palm Beach Lakes Blvd., Suite 500
West Palm Beach, FL 33401
Telephone: (561) 764-2220
Email: rayala@forthepeople.com
*Counsel for Plaintiff*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this March 21, 2025, I electronically filed the foregoing with the Florida Court's e-filing portal, which will automatically send a copy to all counsel of record.

/s/ *Rudwin Ayala*
**Rudwin Ayala, Esq.**
Florida Bar No.: 84005
**Morgan & Morgan, P.A.**
1700 Palm Beach Lakes Blvd., Suite 500
West Palm Beach, FL 33401

eFiled Lee County Clerk of Courts Page 22

Telephone: (561) 764-2220
Email: rayala@forthepeople.com
*Counsel for Plaintiff*